**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| ANGELA SMITH-TEEMER, : | |
| Plaintiff, : | |
| vs. : | 1:03-CV-184-2  (WLS) |
| UNITED STATES OF AMERICA : | |
| Defendant. : | |

**ORDER**

Presently pending before the Court is an action filed by Plaintiff against Defendant under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671, *et. seq.*, on December 11, 2003. Plaintiff alleges that on August 30, 2001, Ralph Jackson, Jr. negligently operated a vehicle causing it to rear-end Plaintiff's car while under the scope of his employment with the United States Department of Housing and Urban Development ("HUD"). (Doc 1).   Plaintiff seeks to recover damages, including damages for personal injury, property damage to her automobile, loss of consortium, and pain and suffering.  (Docs 1, 20).

**I.    JURISDICTION and VENUE**

This Court has subject matter jurisdiction over the instant case pursuant to the FTCA, 28 U.S.C. §§ 1346(b)(1), 2671, *et. seq*, as this is an action for money damages against the United States of America ("United States") for injuries to property and person caused by the negligence of a Government employee.  This Court is the proper venue for the instant action pursuant to 28 U.S.C. § 1402(b) as the acts complained of occurred in Tift County, GA, within this judicial district. *See* 28 U.S.C. §90.

**II.    PROCEDURAL SUMMARY**

Consistent with the FTCA, Plaintiff filed an administrative claim with the Atlanta OGC office of HUD on June 2, 2002 in the amount of $32,943.63.  That amount included $409.13 claimed

for damage to her vehicle and $6,553.50 in medical expenses.  Plaintiff received notice of final denial of claim on July 17, 2003. (*See* Doc 1, Annex A).   Plaintiff filed the instant action in this Court on December 11, 2003, within the-six month limitations period under 28 U.S.C. §2401.  (Doc 1).

Initially, Plaintiff stated her claim against "Ralph Jackson, Jr. as Employee of the U.S. Department of Housing and Urban Development" (*Id*.)   Mr. Jackson, as employee of and through the United States Attorney for the Middle District of Georgia, moved to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for failure to properly establish subject matter jurisdiction based on Plaintiff's failure to name the United States as a party defendant. (Doc 3). Plaintiff moved to add the United States as party defendant, responding that her failure to do so was an inadvertent clerical error. (Docs 4, 5, 12).  On July 12, 2004, this Court granted Plaintiff's motions to add party and denied Defendant's motion to dismiss as moot (Doc 14).

On April 18, 2004, the case went to arbitration at the parties' request.  A hearing took place on May 19, 2004 and a sealed arbitration award was entered on May 23, 2004.  Defendant requested a trial *de novo* on June 20, 2005. (Doc 21).  Plaintiff issued a similar request for trial *de novo* on June 23, 2005 (Doc 22).  At the parties' request, the instant action was amended and set for a bench trial, which was held by this Court on August 30, 2005.

### III.   FACTUAL SUMMARY

Upon consideration of the evidence and by preponderance of the same, the Court finds that at approximately 5:15 P.M. on August 30, 2001, Mr. Jackson was a HUD employee operating a HUD-owned 2000 Ford Taurus on Georgia Highway 520 in Tift County, GA.  At the same time and place, he was traveling behind  Plaintiff, who was operating a 1993 Acura Integra.  At the same time and place, Plaintiff was traveling behind an unknown driver who suddenly stopped causing Plaintiff to also stop suddenly.  Mr. Jackson was unable to stop and collided with the rear of Plaintiff's vehicle.

HUD confirms that Mr. Jackson was on official travel status, authorized to use a government

vehicle to travel between Atlanta and Albany, GA, and regularly traveled to the area where the accident occurred.

As a result of the collision, Plaintiff suffered injury to her person and automobile. Plaintiff was transported to Tift Regional Hospital ("the Hospital") by Emergency Medical Services at her own request for complaints of neck and upper back pain. At the Emergency Room, Plaintiff was evaluated and had x-rays taken. The hospital made no diagnosis of Plaintiff's condition and discharged her the same day. Plaintiff continued to experience pain, but returned to work on September 4, 2001. While at work, she required supplemental back support and seat cushioning to perform her job duties.

On September 11, 2001, Plaintiff visited the Center for Family Health and Wellness in Tifton, GA, where she was diagnosed with soft-tissue injuries by Dr. Jeffrey Slocum, a chiropractor, and received initial treatment. She received additional chiropractic services, including massages, manipulations and therapeutic exercises, on 43 occasions; on each occasion experiencing relief from pain. She terminated treatment on March 11, 2002 and has seen no other doctors or medical professionals in connection with the instant injury since that date.

Plaintiff incurred medical expenses in the amount of $6,823.50; which includes: 1) $290.00 for emergency medical transportation to the Hospital, 2) $117.00 for x-rays and general examination conducted at the Hospital, 3) $631.50 for the Hospital room, and 4) $5,785.00 for chiropractic treatment conducted under the primary supervision of Dr. Slocum. The Court finds upon the preponderance of the evidence that said treatment and expenses were reasonable and necessary. Plaintiff also sustained $409.13 in damage to her automobile.

## IV.  LEGAL ANALYSIS

Questions of causation and negligence have been resolved and are not at issue in this case. By Defendant's own admission, "there is no question that its federal employee caused an accident that resulted in damage to Plaintiff..." (Doc 28). Therefore, the Court finds Defendant's conduct was the proximate cause of the subject accident and therefore Defendant is liable for the injuries

Plaintiff suffered as a result of the accident. Pursuant to the FTCA, the United States stands ready to compensate Plaintiff for this damage. (Doc 28). At issue in the instant case is the assessment of money damages. In this action, Plaintiff seeks damages for personal injury, property damage to her automobile, loss of consortium, and pain and suffering. (Docs 1, 26).

The question of damages is ordinarily left to the jury. *See* O.C.G.A. § 51-12-12(a) (2005). However, the parties in the instant action requested a bench trial, electing this Court as trier of fact in lieu of a jury. (Doc 26). "Damages are given as compensation for injury; generally such compensation is the measure of damages where an injury is of a character capable of being estimated in money." O.C.G.A. §51-12-4 (2005), *see also* Southern Cotton Oil Co. v. Skipper, 125 Ga. 368 (1906).

### A. Personal Injury

Plaintiff suffered physical injury for which she sought medical treatment. Plaintiff provided documentation of $6,823.50 in medical expenses she incurred for the treatment she received. (Plaintiff Exhibits 2, 3, 4, 9). On the matter of special damages for personal injury, upon the preponderance of the evidence, the Court awards Plaintiff damages in the amount of $6,823.50.

### B. Property Damage to Automobile

In this case Plaintiff suffered automobile damages of $409.13 for which she provided documentation. (Plaintiff Exhibit 8). On the matter of special damages for property damage to her automobile, upon the preponderance of the evidence, the Court awards Plaintiff damages in the amount of $409.13.

### C. Loss of Consortium

There is no claim pleaded for loss of consortium. Therefore Plaintiff's request for the same at trial without amendment is **DENIED** and no damages therefor are awarded.

### D. Pain and Suffering

"Pain and bodily suffering, resulting from a tort to the person, may be considered by the [trier of fact] in estimating damages." Western and Atlantic R. Co. v. Drysdale, 51 Ga. 644 (1874). In

assessing damages for pain and suffering, the Court considered among other factors the duration of Plaintiff's pain and suffering and her temporarily diminished work capacity as testified to by Plaintiff and as indicated by her relevant exhibits. Upon consideration of the evidence and by preponderance of the same, the Court finds that Plaintiff continuously suffered from August 30, 2001, the date of the accident in question, until March 11, 2002, when her treatment ended, due to injuries sustained in said accident; and that her suffering diminished her work capacity for a period of time. On the matter of general damages for pain and suffering, upon the preponderance of the evidence, the Court therefore awards Plaintiff damages in the amount of $21,000.00.

## V.   CONCLUSION

In conclusion, upon the preponderance of the evidence, the Court finds for Plaintiff and against Defendant in the amount of **$7,232.63** in special damages and **$21,000.00** in general damages for pain and suffering, for total damages in the amount of **$28,232.63**.

**SO ORDERED,** this   10th   day of March, 2006.

　　　　　　　　　　　　　　　　　　　　　　　　　　　  /s/W. Louis Sands  
　　　　　　　　　　　　　　　　　　　　　　　　　　**W. LOUIS SANDS, CHIEF JUDGE**  
　　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**